**Goldie SLAGELL, Plaintiff,**

v.

**John BONTRAGER, Jr. t/d/b/a Oklahoma Energy Investments, Defendant.**

**Civ. A. No. 84–1407.**

United States District Court, W.D. Pennsylvania.

Aug. 26, 1985.

James S. Lederach, Scottdale, Pa., for plaintiff.

Denis A. Kitchen, Jr., Clarence, N.Y., Alex H. D'Ippolito, Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

In this action alleging a violation of Section 12(1) of the Securities Act, 15 U.S.C. § 77l(1), defendant has filed a motion for summary judgment with an affidavit claiming that the action is barred by the statute of limitations, that the plaintiff's complaint is insufficient, and that venue is improper. Plaintiff has responded in opposition to this motion and the issues have been fully briefed. Since we believe that the statute of limitations argument is dispositive we will deal solely with that issue.

Plaintiff's complaint alleges that plaintiff purchased a security from defendant on June 9, 1981 for $12,000 which security was not registered with the Securities Exchange Commission, and on which plaintiff has received no income. Plaintiff filed her complaint on June 8, 1984.

Defendant has filed evidentiary material to show that plaintiff actually purchased and paid for the security on April 29, 1981. Furthermore, the facts necessary to decide this motion are stated in the affidavits of John Bontrager, Jr. and Goldie Slagell, and are essentially uncontroverted:

1) In April 1981, H. Ralph Hernley approached Goldie Slagell regarding an investment opportunity in an oil and gas limited partnership formed by Mr. Bontrager;

2) On April 29, 1981, pursuant to Mr. Hernley's advice, Goldie Slagell sent her check for $12,000 to John Bontrager, Jr. at his address in Alden, New York;

3) On or about June 9, 1981, John Bontrager, Jr. sent to Goldie Slagell a copy of the Oklahoma Energy Investment Contract Participating and Operating Agreement by United States mail.

4) Before that time Goldie Slagell had received no prospectus or written offering statement of any kind regarding the nature of the investment, and relied solely on Mr. Hernley's advice and judgment.

The law is equally clear. Section 13 of the Securities Act entitled "Limitations of Actions", 15 U.S.C. § 77m, provides as follows:

No action shall be maintained to enforce any liability created under ... section 77l

(1) of this title, unless brought within one year after the violation upon which it is based. In no event shall any such action be brought to enforce a liability created under section 77k or 77*l* (1) of this title more than three years after the security was bona fide offered to the public. . . .

Defendant argues that the one year limitation period applicable to section 77*l* (1) began to run on the date the investment contract was entered into. Defendant provides a copy of plaintiff's cancelled check dated April 29, 1981, and argues that any section 77*l* violation, which would consist of an offer or sale of a security in violation of section 77e, had to have taken place on or before that date. Plaintiff counters this argument by indicating that section 77e is violated when the mails or interstate commerce are used to offer, sell, or deliver unregistered securities. Since defendant used the mails only once, on or about June 9, 1981, to deliver the Participating and Operating Agreement, plaintiff argues that this is the time of the last event necessary to establish a section 77e violation. Therefore the limitations period did not begin to run until June 9, 1981.

For purposes of this summary judgment motion we accept the facts in the light most favorable to the plaintiff against whom the motion is directed. *See Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Therefore we accept plaintiff's premise that the one year limitations period began June 9, 1981.

■ Plaintiff urges this court to adopt equitable tolling of the one year period. She argues that H. Ralph Hernley acted both on behalf of defendant Bontrager and, at the same time, had a fiduciary relationship to the plaintiff which plaintiff claims results in a lessening of her duty of inquiry regarding the legality and the quality of the investment. Even accepting all that plaintiff argues as fact, we do not see a basis for equitable tolling in this case since there was no fraudulent concealment of the

violation. In fact, the Participation and Operating Agreement, attached to plaintiff's complaint, specifically states in paragraph 7A that the security ". . . is not registered under the Securities Act of 1933 or the Blue Sky Law of any state." Plaintiff argues that despite the lack of concealment, fraudulent or otherwise, she did not discover the existence of a legal remedy until January of 1984 when she contacted her attorney with a view to developing an estate plan, and that equitable tolling should therefore be applied. We do not believe that there is legal authority for this position,[1] nor do we believe that adoption of such a position in this case would further the policies underlying equitable tolling. Furthermore, even were we to apply equitable tolling to extend the one year limitations period, we would have to dismiss this action because plaintiff failed to file her complaint within the three year limitation period with which she must also comply. *See Ingenito v. Bermec Corporation,* 376 F.Supp. 1154, 1173 (S.D.N.Y. 1974).

■ Plaintiff argues that she has complied with the three year period which begins to run when a "bona fide offer to the public" is made. Defendant says that in the case of an unregistered security, the period begins to run when the investor is first offered the security, which in this case must have occurred no later than April 29, 1981 when plaintiff wrote her check. Plaintiff argues that this limitations period does not begin to run until the date upon which the security is first *legally* available to the public for purchase and sale, i.e., the effective date of the registration statement. Since no registration statement has been filed in this case, the logical conclusion of plaintiff's argument is that the statute has not yet begun to run and the complaint meets the three year limitations requirement. This would effectively eliminate the limitations period for section 12(1)

---

1. Both cases cited in support of plaintiff's position involve fraudulent representations and con- cealment and are therefore distinguishable.

violations which involve unregistered securities.

We disagree with plaintiff's argument[2] and adopt defendant's position as a correct statement of the law. *See Campito v. McManus, Longe, Brockwehl, Inc.,* 470 F.Supp. 986, 995 (N.D.N.Y.1979); *Brick v. Dominion Mortgage & Realty Trust,* 442 F.Supp. 283, 291 (W.D.N.Y.1977); *Boone v. GLS Livestock Management, Inc.,* CCH Federal Securities Law Reports, par. 97, 174 (D.Utah 1976). For these reasons we will grant defendant's motion for summary judgment and dismiss this action with prejudice.

An appropriate order will issue.

---

**2.** *Morse v. Peat, Marwick, Mitchell & Co.,* 445 F.Supp. 619 (S.D.N.Y.1977) on which the plaintiff relies, indicates that the three year limitations period on actions alleging material misrepresentations or omissions in the registration statement begin to run no earlier than the effective date of the registration statement. This is not our case where the violation is the lack of a registration statement.